J. S21038/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JAMON NYHEIM DIEHL, | : | No. 1653 WDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, October 11, 2017,
in the Court of Common Pleas of Jefferson County
Criminal Division at No. CP-33-CR-0000715-2013

BEFORE:  OLSON, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED NOVEMBER 13, 2018**

Jamon Nyheim Diehl appeals from the order of October 11, 2017, of the Court of Common Pleas of Jefferson County that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appointed counsel, George N. Daghir, Esq. ("Attorney Daghir"), has filed a petition to withdraw and brief, pursuant to "***Turner***/***Finley***."[1]  After careful review, we grant counsel's petition to withdraw and affirm the order denying PCRA relief.

The record reflects that on April 18, 2014, following a jury trial, appellant was convicted of two counts of aggravated assault, two counts of simple assault, recklessly endangering another person, and simple

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (***en banc***).

assault--mutual consent fight.[2]  The convictions stemmed from appellant's attack of Glenn Teddy Baker, Sr. ("Baker").  Appellant also pled guilty to one count of aggravated assault and two counts of simple assault in a separate matter.[3]

On April 29, 2014, the trial court sentenced appellant to serve an aggregate term of 14 to 40 years' imprisonment.  On May 1, 2014, appellant filed a post-sentence motion and sought either reconsideration of his sentence, judgment of acquittal, or a new trial.  On May 1, 2014, the trial court denied the post-sentence motion.  Appellant filed a timely notice of appeal.  On June 30, 2015, this court affirmed the judgment of sentence. ***Commonwealth v. Diehl***, 122 A.3d 1149 (Pa.Super. 2015) (unpublished memorandum).  Appellant filed a petition for allowance of appeal with the Supreme Court of Pennsylvania.  By order dated December 2, 2015, the Supreme Court of Pennsylvania denied the petition for allowance of appeal. ***Commonwealth v. Diehl***, 128 A.3d 219 (Pa. 2015).  Appellant did not file a writ of ***certiorari*** with the Supreme Court of the United States.

On December 5, 2016, appellant filed a timely ***pro se*** PCRA petition. Appellant alleged that he was eligible for relief due to constitutional violations, ineffective assistance of counsel, and the unavailability at trial of

---

[2] 18 Pa.C.S.A. §§ 2702(a)(1), 2702(a)(4), 2701(a)(1), 2701(a)(2), 2705, and 2701(b)(1), respectively.

[3] Appellant was sentenced on both cases at the same time.

exculpatory evidence that has subsequently become available and would have changed the outcome of the trial. (Motion for post-conviction collateral relief, 12/5/16 at 2.) By order dated December 22, 2016, the PCRA court appointed Attorney Daghir to represent appellant on his PCRA petition. On March 15, 2017, Attorney Daghir filed amendments to the PCRA petition in which he asserted that appellant received an illegal sentence because of the ten-year mandatory minimum sentence imposed and that appellant's trial counsel was ineffective for not objecting to the ten-year mandatory minimum sentence and for failing to object to the incorrect offense gravity score that was used in the pre-sentence investigation report. The PCRA court scheduled a hearing, which was held on June 13, 2017. On October 11, 2017, the PCRA court denied the PCRA petition.

Appellant filed a notice of appeal on November 3, 2017. On November 9, 2017, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On November 11, 2017, Attorney Daghir filed a statement of intent to file a **Turner**/**Finley** brief as he intended to withdraw from representation of appellant in lieu of filing a statement of errors complained of on appeal. On November 20, 2017, the PCRA court announced that it would not be filing an opinion pursuant to Pa.R.A.P. 1925(a). Attorney Daghir has filed a petition to withdraw and "no-merit" brief in accordance with **Turner**/**Finley**.

Before addressing the merits of appellant's appeal, we must determine whether Attorney Daghir has complied with the procedural dictates for PCRA counsel seeking to withdraw under **Turner**/**Finley** and their progeny.

We have explained that:

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under [**Commonwealth v.**] **Turner**, [518 Pa. 491, 544 A.2d 927 (1988)], and [**Commonwealth v.**] **Finley**, [379 Pa.Super. 390, 550 A.2d 213 (1988)] and . . . must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> > Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed **pro se** or by new counsel.
> >
> > * * *
> >
> > Where counsel submits a petition and no—merit letter that . . . satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.
>
> **Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa.Super. 2012) (internal citations omitted) (quoting **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007)).

*Commonwealth v. Muzzy*, 141 A.3d 509, 510-511 (Pa.Super. 2016) (brackets in *Muzzy*).

Here, Attorney Daghir has filed an application to withdraw, asserting that he has made a conscientious examination of the trial court record and has determined that the issues appellant wants this court to review lack merit; he has also filed a brief with this court, setting forth each issue appellant wishes to have reviewed, and why each is meritless; and he has forwarded to appellant both a copy of the application to withdraw and the brief, and has advised appellant that he has the right to proceed *pro se*, retain new counsel, or raise any additional points he deems worthy of this court's consideration. (Application to withdraw as counsel, 2/2/18 at 1-2.) Therefore, we determine that Attorney Daghir has complied with the requirements of *Turner/Finley*, and we will proceed to an independent review of the record to decide whether the PCRA petition is, in fact, meritless.

Attorney Daghir has identified seven issues that appellant wants this court to review:

1. Was [appellant's] trial counsel ineffective for failing to raise at the trial level a '*Brady* [*v. Maryland*, 373 U.S. 83 (1963),]' violation on the part of the prosecution?

2. Was [appellant's] appellate counsel ineffective for failing to raise on direct appeal a 'Brady' violation on the part of the prosecution?

3. Was [appellant's] trial attorney ineffective for failing to raise at trial the prosecution[']s unconstitutional use at trial of falsifications contained in the police reports?

4. Was [appellant's] appellate counsel ineffective for failing to raise on direct appeal the prosecution[']s use at trial of falsifications contained in the police reports?

5. Was trial counsel ineffective for failing to object at time of trial to the prosecution[']s improper reference, during closing argument to the jury, to [appellant's] silence in violation of his Fifth Amendment right against self-incrimination?

6. Was an illegal mandatory minimum sentence imposed by the court in this case in violation of **Alleyne v. United States**, 133 S.Ct. 2151 (2013)?

7. Was [appellant's] trial counsel ineffective for failing, at time of sentencing, to object to an improper 'offense gravity score' of '11' being reflected in the pre-sentence investigation report for the crime of aggravated assault when the correct 'offense gravity score' for said crime was a '10'?

Attorney Daghir's brief at 14-15.

PCRA petitions are subject to the following standard of review:

"[A]s a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Dennis**, [], 17 A.3d 297, 301 (Pa. 2011) (citation omitted). A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. **Id.** at 305 (citations omitted). To obtain PCRA relief, appellant must plead and prove by a preponderance

of the evidence: (1) his conviction or sentence resulted from one or more of the errors enumerated in 42 Pa.C.S. § 9543(a)(2); (2) his claims have not been previously litigated or waived, *id.* § 9543(a)(3); and (3) "the failure to litigate the issue prior to or during trial . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel[,]" *id.* § 9543(a)(4). An issue is previously litigated if "the highest appellate court in which [a]ppellant could have had review as a matter of right has ruled on the merits of the issue[.]" *Id.* § 9544(a)(2). "[A]n issue is waived if [a]ppellant could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state postconviction proceeding." *Id.* § 9544(b).

*Commonwealth v. Treiber*, 121 A.3d 435, 444 (Pa. 2015).

To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326, 333 (1999); *Commonwealth v. Douglas*, 537 Pa. 588, 645 A.2d 226, 230 (1994).

*Commonwealth v. Bracey*, 795 A.2d 935, 942 (Pa. 2001).

### I. and II. Claims Related to *Brady*.

Initially, appellant alleged that his trial and appellate counsel, Fred D. Hummel, Esq. ("Attorney Hummel"), was ineffective because he failed to raise the issue of a ***Brady*** violation on the part of the

Commonwealth, relating written statements by the victim, Baker, and the falsification of police reports. (Attorney Daghir's brief at 17.)

In **Brady**, the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." **Id.**, 373 U.S. at 87.

This court has explained that, "to establish a **Brady** violation, a defendant must demonstrate that: (1) the evidence was suppressed by the Commonwealth, either willfully or inadvertently; (2) the evidence was favorable to the defendant; and (3) the evidence was material, in that its omission resulted in prejudice to the defendant." **Commonwealth v. Haskins**, 60 A.3d 538, 547 (Pa.Super. 2012) (citations omitted). The burden rests with the defendant to "prove by reference to the record, that evidence was withheld or suppressed by the prosecution." **Id.**

One of the issues deals with the statement written by Baker. One written statement by Baker was dated November 22, 2013 at 8:15 p.m. The Commonwealth introduced this statement at trial as Exhibit 1-A. (Notes of testimony, 4/17/14 at 98.) There was a second written statement signed by Baker that was dated December 3, 2013. The Commonwealth introduced this statement into evidence at trial as Exhibit 1-B. (**Id.**) Appellant alleges that Baker did not write the initial statement that was utilized to give the

arresting officer probable cause to arrest appellant and which ultimately led to his conviction. (Attorney Daghir's brief at 17.) On cross-examination by Attorney Hummel, Baker testified that he wrote two statements. He testified that he wrote the first one at the police station. The first statement omitted information such as that he went to appellant's apartment and spoke with him. (*Id.* at 83-84.) Baker also testified that he wrote the second statement on December 3, 2013. (*Id.* at 89.)

Appellant has failed to establish that the Commonwealth suppressed any evidence with respect to the writing of the statements. On cross-examination, Attorney Hummel questioned Baker concerning the fact that two different statements were attributed to him and concerning the discrepancies between the two statements. Baker maintained that he authored both of them. (Notes of testimony, 4/17/14 at 82-84, 88-94, 96-97.) Other than appellant's subjective belief that Baker did not write both statements, the record does not indicate a violation of *Brady*.

Attorney Daghir concluded:

> These issues lack merit as the alleged *Brady* violations involve information that had been previously provided to the defense by the prosecution and were used by the defense repeatedly during cross[-]examination of prosecution witnesses in an effort to impeach he credibility of their testimony. *Brady* requires that the prosecution suppress the evidence to the prejudice of the defendant. In this case the opposite occurred. Here the evidence was provide[d] to the defense and utilized by the defense to attack the credibility of prosecution witnesses. *Com*[*monwealth*] *v.*

> ***Paddy***, 15 A.3d 431, 450 (P[a.] 2011). Trial counsel cannot be held to be ineffective for failing to pursue a meritless claim. ***Com***[***monwealth***] ***v. Jones***, 811 A.2d 994 (P[a.] 2002). For the same reason appellate counsel would not be ineffective for failing to raise this claim. And as indicated earlier [appellant's] trial attorney could not argue his own ineffectiveness on a direct appeal.

Attorney Daghir's brief at 20.

Appellant's claim was of no merit and, consequently, fails to meet the first prong necessary to prove ineffective assistance of counsel. ***See Kimball***. Furthermore, counsel was not ineffective for failing to raise a ***Brady*** claim on appeal. If a petitioner cannot establish that trial counsel was ineffective, then a derivative claim of appellate counsel ineffectiveness must also fail. ***Commonwealth v. Rainey***, 928 A.2d at 224.

**III. and IV. Falsifications.**

The next two issues analyzed by Attorney Daghir address whether Attorney Hummel was ineffective at trial and on appeal for failing to argue the Commonwealth's unconstitutional use at trial of falsifications contained in police reports. First, Attorney Daghir notes that to the extent these claims constitute a weight of the evidence claim, they have no merit as this court already ruled on the weight of the evidence and affirmed the judgment of sentence on appellant's direct appeal. A review of this court's decision reveals that the issue raised on direct appeal was that the verdict was against the weight of the evidence because the Commonwealth witnesses allegedly lied. A review of appellant's brief on direct appeal indicates that

while both the direct appeal and the issue raised here have some relation to the credibility of witnesses, the issue presented here was not previously litigated on direct appeal.

Appellant asserts that Officer Heath Zeitler, of the Borough of Punxsutawney Police Department, could not be at the hospital and at the police station at the same time. If Officer Zeitler did not leave the hospital until 8:48 p.m., then he could not have been at the police station taking the statement of Baker at 8:15 p.m. (Attorney Daghir's brief at 21-22.) Appellant further asserts that the police officers were able to manipulate and change the reports on their computer and that falsified reports were utilized to refresh the recollections of several Commonwealth witnesses, and that the two written statements by Baker were written by two different people. (*Id.* at 22.)

Attorney Daghir notes that the allegation regarding Officer Zeitler's being in two places at once is made based on the assumption that Officer Zeitler was the last officer to leave the hospital at 8:48 p.m. However, Attorney Daghir reports that the report does not indicate when a particular officer left. Appellant argues that this timing means that Officer Zeitler was not present at the time Baker made his written statements. Baker testified that he did write the statements and was subjected to cross-examination by Attorney Hummel on this issue. (*Id.* at 22-23.). Even if this claim has arguable merit, appellant cannot prove that

he suffered prejudice due to counsel's ineffectiveness. **Bracey**, 795 A.2d at 942. Similarly, as Attorney Hummel was not ineffective at trial with respect to this issue, he was not ineffective for failing to raise it on appeal. **Rainey**, 928 A.2d at 224.

With respect to the modification of police reports, Attorney Daghir states that appellant fails to point to any specific instance of where the police fabricated a report. (Attorney Daghir's brief at 23.). Also, Attorney Hummel posed questions to Officer Zeitler on cross-examination regarding the fact that police officers can modify their reports. (Notes of testimony, 4/17/14 at 252.) This court agrees with Attorney Daghir that appellant failed to establish how he was prejudiced by Attorney Hummel's action or inaction on this issue, and consequently, did not prove ineffective assistance of counsel at trial. **Bracey**, 795 A.2d at 942. Similarly, there was no ineffectiveness for failing to raise this issue on appeal. **Rainey**, 928 A.2d at 224.

Attorney Daghir next asserts that with respect to the Commonwealth's use of police reports to refresh the recollection of witnesses, appellant's claim is without merit based on three instances that occurred at trial. (Attorney Daghir's brief at 23-24.) First, the Commonwealth conducted direct examination of Officer Kevin Porada, of the Borough of Punxsutawney Police Department. Officer Porada testified that appellant told him at the police station that he wished the police had shot him. (Notes of testimony,

4/17/14 at 206.) When the Commonwealth then asked Officer Porada if appellant stated why he wanted the police to shoot him, Officer Porada said that he did not recall. (*Id.*) With the trial court's permission, the Commonwealth presented Officer Porada's supplemental report to Officer Porada to refresh his recollection. Officer Porada then testified that appellant told him that he wished the police had shot him because he did not want to go to prison. (*Id.* at 207). Rule 612 of the Pennsylvania Rules of Evidence permits a witness to use a prior writing to refresh his memory for the purpose of testifying. Pa.R.E. 612. This claim is without arguable merit, which is the first prong needed to prove ineffective assistance of counsel. *Bracey*, 795 A.2d at 942. Attorney Hummel was not ineffective either at trial or on appeal. *See Rainey*, 928 A.2d at 224.

Later, the Commonwealth presented Officer Porada with his report to refresh his recollection when he was asked why appellant said that he had stabbed someone. After reviewing his report, Officer Porada testified that appellant told him that two people attacked him. (*Id.* at 208.) As Attorney Daghir points out, Officer Porada's testimony, after his recollection was refreshed, was not harmful to appellant's case based on appellant's theory that he acted in self-defense. Attorney Hummel would have no reason to object to this testimony, as appellant suffered no prejudice, *Bracey*, 795 A.2d at 942, or to raise it on appeal. *See Rainey*, 928 A.2d at 224.

Attorney Daghir cites a third incident at trial, which occurred during the Commonwealth's direct examination of Officer Zeitler. Officer Zeitler was asked what appellant had told him regarding the knifing. The Commonwealth showed Officer Zeitler a copy of his report. Officer Zeitler recounted that appellant testified that Baker had come after him with a knife, the two engaged in a physical altercation, and fell down the stairs. Officer Zeitler reported that appellant told him that was when Baker received his stab wounds. (Notes of testimony, 4/17/14 at 224-225.) As Attorney Daghir states, this testimony was beneficial to appellant and did not prejudice him in any way, so Attorney Hummel was not ineffective for failing to object. *Bracey*, 795 A.2d at 942. Similarly, Attorney Hummel was not ineffective when he did not raise this issue on appeal. *See Rainey*, 928 A.2d at 224.

Appellant returns to the written statements by Baker and his belief that the handwriting indicates that two different people wrote the statements. However, Baker testified that he wrote both statements. Attorney Hummel questioned Baker about the statements on cross-examination and had the two statements published to the jury so that the jury could see the writings and Judge Baker's credibility. (Attorney Daghir's brief at 26.) Here, Attorney Hummel's conduct had a reasonable basis that was designed to promote appellant's interest, so appellant failed to meet the second prong necessary to prove ineffective

assistance of counsel. ***Bracey***, 795 A.2d at 942. Similarly, he was not ineffective for failing to raise this issue on appeal. ***See Rainey***, 928 A.2d at 224.

## V. Fifth Amendment.

Appellant next asserts that Attorney Hummel was ineffective because he did not object or pursue on appeal where the prosecution violated his right against self-incrimination under the Fifth Amendment to the United States Constitution when, in its closing statement, the Commonwealth referred to the fact that appellant did not talk to the police prior to his arrest. (Attorney Daghir's brief at 27.) The Supreme Court of Pennsylvania has held that "when a criminal defendant waives his right to remain silent and testifies at his own trial, neither the United States nor the Pennsylvania Constitution prohibit a prosecutor from impeaching a defendant's credibility by referring to his pre-arrest silence." ***Commonwealth v. Bolus***, 680 A.2d 839, 844 (Pa. 1996). Therefore, the Commonwealth did not violate appellant's constitutional rights. Appellant has failed to meet the first prong to prove counsel ineffectiveness: that the underlying claim is of arguable merit. ***Bracey***, 795 A.2d at 942. Attorney Hummel was not ineffective at trial or on appeal. ***See Rainey***, 928 A.2d at 224.

## VI. Mandatory Minimum Sentence.

Once Attorney Daghir was appointed to represent appellant, he filed amendments to the PCRA petition. One of the issues he raised was that

Attorney Hummel was ineffective because he did not object to the illegal ten-year mandatory minimum sentencing imposed on appellant by the trial court for his conviction of aggravated assault. (Amendments to PCRA petition, 3/15/17 at 1.) The amendment to the petition asserted that the ten-year sentence imposed for the aggravated assault conviction, pursuant to the mandatory minimum sentence provisions of 42 Pa.C.S.A. § 9714, was an illegal sentence based on *Alleyne v. United States*, 570 U.S. 99 (2013).

In *Commonwealth v. Bragg*, 133 A.3d 328 (Pa.Super. 2016), this court held that a mandatory minimum sentence under 42 Pa.C.S.A. § 9714 for a person who had a prior conviction for a crime of violence was permissible based on *Commonwealth v. Reid*, 117 A.3d 777 (Pa.Super. 2015). On August 22, 2017, the Supreme Court of Pennsylvania affirmed this court's decision in *Bragg* in a *per curiam* order. *Commonwealth v. Bragg*, 169 A.3d 1024 (Pa. 2017). The PCRA court stated that appellant was previously convicted of a crime of violence, which ended any question concerning the legality of the sentence. (*See* PCRA court opinion, 10/11/17 at 1.) As Attorney Daghir asserts, this claim lacks merit. Once again, because the underlying claim lacks arguable merit, appellant failed to prove that Attorney Hummel was ineffective. *Bracey*, 795 A.2d at 942.

## VII. Offense Gravity Score.

In addition, the amendment to the PCRA petition contained an allegation that Attorney Hummel was ineffective and appellant suffered

- 16 -

prejudice when Attorney Hummel failed to object at the sentencing hearing when the offense gravity score contained in the pre-sentence investigation report was listed as "11" rather than the correct "10." However, Attorney Daghir now asserts that because the trial court did not sentence appellant based on the guideline minimum sentence range for the aggravated assault conviction, appellant suffered no prejudice. This court agrees. Appellant did not establish that he met the third element needed to prove counsel ineffectiveness, that he suffered prejudice. ***Bracey***, 795 A.2d at 942.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2018